UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ROBERT ALLEGRA**, | **2:21-CV-11143-TGB-APP** |
| Petitioner, | **OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS** |
| vs. | |
| **JOHN R. HEMINGWAY**, | |
| Respondent. | |

Petitioner Robert Allegra, an inmate at the Federal Correctional Institution in Milan, Michigan ("FCI Milan"), filed a petition for habeas corpus under 28 U.S.C. § 2241. ECF No. 1. Petitioner is challenging his federal conviction for a narcotics crime, and he wants the Federal Bureau of Prisons to apply time credits he allegedly earned under the First Step Act[1] to his sentence. *Id*. at PageID.5-10. The Government argues that Petitioner is not entitled to relief because: (1) he has not exhausted administrative remedies for his claim under the First Step Act; (2) the Federal Bureau of Prisons is not yet required to apply earned time credits under the First Step Act, and Petitioner has not met the criteria for receiving earned time credits under the Act; and (3) Petitioner's other arguments are not cognizable under § 2241. ECF No. 6, PageID.105-12.

---

[1] *See* Public Law No. 115-391, 132 Stat. 5195 (enacted on Dec. 21, 2018).

1

The Court agrees Petitioner did not exhaust administrative remedies for his claim under the First Step Act, but finds this failure to exhaust may be excused. Nevertheless, Petitioner is not entitled to time credits under the Act, and his other arguments about his conviction are not appropriate in this § 2241 action. Therefore, the petition will be denied.

## I. BACKGROUND

The pleadings indicate that on July 1, 2016, Petitioner pleaded guilty in the United States District Court for the Northern District of Illinois to one count of attempt to possess with intent to distribute cocaine, 21 U.S.C. §§ 846 and 841(b)(1)(C). ECF No. 1, PageID.16; ECF No. 6-2, PageID.122. On July 19, 2017, the trial court sentenced Petitioner to 65 months in prison. ECF No. 6-2, PageID.122-23. Petitioner's projected release date is March 27, 2022. *Id*. at PageID.123.

Petitioner apparently did not appeal his conviction. In 2018, he filed a motion to vacate sentence under 28 U.S.C. § 2255. He argued in his motion that he was deprived of effective assistance of counsel at his sentencing and at previous hearings. ECF No. 6-3, PageID.221. The trial court denied the motion because Petitioner's claim was "at odds with the record." *Id*. at PageID.239. Petitioner appealed the trial court's decision, but the United States Court of Appeals for the Seventh Circuit dismissed his appeal for failure to file a docketing statement. *Id*. at PageID.247.

On April 22, 2021, Petitioner filed his habeas corpus petition. His grounds for relief are:

I. Actual Innocence
>    A. The indictment is insufficient as a matter of law.
>    B. The Government fabricated evidence.
>    C. The Government entrapped him.
>    D. The plea agreement was not knowing and voluntary.

II. Ineffective Assistance of Counsel
>    A. Counsel failed to disclose terminal illness.
>    B. Counsel failed to challenge a legally insufficient indictment.
>    C. Counsel failed to challenge a fraudulent plea agreement.

III. 5th Amendment constitutional right of liberty
>    He is being held beyond the sentencing term imposed by the court.

ECF No. 1, PageID.5-10.

## II. DISCUSSION

### A. Claims I and II

Petitioner's first and second claims (actual innocence and ineffective assistance of counsel) challenge his federal conviction and the imposition of sentence. A challenge to the validity of a federal conviction or sentence generally must be brought in the sentencing court as a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016); *Charles v. Chandler*, 180 F.3d 753,755-56 (6th Cir. 1999). "The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255." *Charles*, 180 F.3d at 758.

Under the "savings clause" of § 2255, a federal prisoner may challenge his conviction or the imposition of sentence under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Hill*, 836 F.3d at 594; *Charles*, 180 F.3d at 756. Stated differently, "[a] habeas petition by a federal prisoner is barred 'unless . . . the [§ 2255] remedy by motion is inadequate or ineffective to test the legality of his detention.'" *Wright v. Spaulding*, 939 F.3d 695, 698 (6th Cir. 2019) (quoting § 2255(e)) (ellipsis and alteration in original). But "[t]he circumstances in which § 2255 is inadequate and ineffective are narrow," *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001), and "[i]t is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756.

Petitioner alleges that a successive motion under § 2255 would be an inadequate or ineffective means of testing the legality of his detention. ECF No. 1, PageID.3, ¶ 9. Petitioner has not said why that is so, and the Sixth Circuit Court of Appeals has cautioned that "§ 2255 is not 'inadequate or ineffective' merely because habeas relief has previously been denied, a § 2255 motion is procedurally barred, or the petitioner has been denied permission to file a successive motion." *Hill*, 836 F.3d at 594 (citing *Charles*, 180 F.3d at 756).

As an additional basis for filing a habeas petition under § 2241, Petitioner claims to be actually innocent of the crime for which he was

4

convicted. A federal prisoner can test the legality of his detention under § 2241 by showing that he is actually innocent. *Id.* (citing *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012)). But "a federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief." *Wright*, 939 F.3d at 705.

The grounds for Petitioner's actual-innocence claim are that the indictment was insufficient, the Government fabricated evidence and entrapped him, and his plea was not knowing and voluntary. ECF No. 1, PageID.5-7, 17-32. Petitioner could have raised one or more of these issues in pretrial motions, on appeal from his conviction, or in his § 2255 motion.

Furthermore, in *Bousley v. United States,* 523 U.S. 614 (1998), the Supreme Court explained that, "[t]o establish actual innocence, [the] petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* at 623. "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency[.]" *Id.*

In a post-arrest interview, Petitioner admitted that he agreed to fly cocaine from Los Angeles to Chicago for one of the Government's informants. *See United States v. Allegra*, 187 F. Supp. 3d 918, 922 (N.D. Ill. 2015). Although the trial court granted Petitioner's motion to suppress statements he made during that interview, *see id*. at 920, 927,

the Court "must consider all of the available evidence" when evaluating a § 2241 petitioner's claim of actual innocence. *Martin v. Perez*, 391 F.3d 799, 802 (6th Cir. 2004). Moreover, Petitioner subsequently pleaded guilty to the crime for which he is incarcerated.

Petitioner has failed to demonstrate that he is actually innocent of the crime for which he is incarcerated. Therefore, his first and second claims do not fall within the savings clause of § 2255, and the Court has no jurisdiction to grant § 2241 habeas relief on those claims. *Wooten*, 677 F.3d at 311.

## B. Claim III

Petitioner's remaining claim alleges that he is being held beyond the sentence imposed by the trial court, in violation of his Fifth Amendment right not to be deprived of his liberty without due process of law. This claim may be brought under § 2241, because it challenges the manner or execution of Petitioner's sentence. *Id*. at 306.

### 1. Exhaustion of Administrative Remedies

The Government alleges that Petitioner did not exhaust administrative remedies for his claim about the execution of his sentence. Ordinarily, "[f]ederal prisoners . . . must exhaust their administrative remedies before they may file a § 2241 petition." *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013) (citing *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006)). "The purpose of the [Bureau of Prisons] Administrative Remedy Program is to allow an inmate to seek formal

review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a).

To complete the Administrative Remedy Program, the prisoner must first attempt to informally resolve the issue with staff. 28 C.F.R. § 542.13(a). If the issue is not resolved informally, the prisoner must file a formal written administrative remedy request on a BP-9 form addressed to his warden. *See id.*; 28 C.F.R. § 542.14(a).

An inmate who is not satisfied with the warden's response must file an appeal on a BP-10 form directed to the appropriate regional director of the Bureau of Prisons. 28 C.F.R. § 542.15(a). And if the inmate is not satisfied with the Regional Director's response, he must appeal to General Counsel for the Bureau of Prisons on a BP-11 form. *Id.*

On February 7, 2020, Petitioner sought earned time credits under the First Step Act by filing a request for administrative remedy at the Federal Correctional Institution in Terre Haute, Indiana. ECF No. 6-4, PageID.259-65. His warden at the time filed a response "for informational purposes only." *Id.* at PageID.268, ¶ 3. Petitioner did not appeal the warden's response to the Regional Director or to the Central Office for the Bureau of Prisons. *Id.* at PageID.251, ¶ 4.

Petitioner alleges that on November 18, 2020, and on December 18, 2020, he sought earned time credits under the First Step Act by filing a request for administrative remedy with the Bureau of Prisons Designation and Sentence Computation Center, in Grand Prairie, Texas.

7

ECF No. 1, PageID.3-4, ¶¶ 6 and 11. Although Petitioner claims he received no response, he says that he sent his request "via email and fax." *Id.* at PageID.3, ¶ 6. According to a legal assistant employed by the Bureau of Prisons at FCI Milan, a BP-9 request for administrative remedy may not be e-mailed or faxed, and there is no evidence that Petitioner submitted his request for administrative remedy to the proper location. ECF No. 6-4, PageID.251, ¶ 5.

The Court concludes that Petitioner did not exhaust his administrative remedies with the Bureau of Prisons. Nevertheless, Petitioner is expecting to leave prison on December 28, 2021, and finish the last 90 days of his sentence at home. ECF No. 8, PageID.273. It is highly unlikely that Petitioner could exhaust his administrative remedies before leaving prison. The Court, therefore, excuses Petitioner's failure to exhaust administrative remedies and proceeds to address the merits of his claim.[2]

### 2. The Merits

Petitioner alleges that the Bureau of Prisons is holding him beyond the sentence imposed by the trial court because the Bureau has not

---

[2] While exhaustion is normally a requirement for habeas relief, "'§ 2241's exhaustion requirement is not statutorily required,' and 'a prisoner's failure to exhaust available state or administrative remedies may be excused where pursuing such remedies would be futile' or ineffective." *Cucu v. Terris*, No. 17-13646, 2018 WL 1203495, at *2 (E.D. Mich. Mar. 8, 2018) (quoting *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 236 (6th Cir. 2006)).

awarded him 422 days of earned time credits. ECF No. 1, PageID.39. Elsewhere, Petitioner states that he has accumulated 748 days of credit, which serve to reduce his sentence by 374 days, and that he should have been released on March 26, 2021. *Id.* at PageID.40.

### a. The First Step Act

Petitioner's reference to "time credits" comes from the First Step Act, which required the Attorney General to develop a "risk and needs assessment system." 18 U.S.C. § 3632(a). Among other things, this system was intended to be used for: determining the recidivism risk of federal prisoners and "classify[ing] each prisoner as having minimum, low, medium, or high risk for recidivism;" "determin[ing] the type and amount of evidence-based recidivism reduction programming that is appropriate for each prisoner and assign[ing] each prisoner to such programming accordingly;" reassess[ing] the recidivism risk of each prisoner periodically;" "determin[ing] when to provide incentives and rewards for successful participation in evidence-based recidivism reduction programs or productive activities;" and "determin[ing] when a prisoner is ready to transfer into prerelease custody or supervised release." 18 U.S.C. § 3632(a)(1), (a)(3), (a)(4), (a)(6), and (a)(7).

One of the rewards offered for participation in recidivism reduction programming and productive activities is time credits. An eligible prisoner who successfully completes evidence-based recidivism reduction programming or productive activities can earn 10 days of time credits for

every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities. 18 U.S.C. § 3632(d)(4)(A)(i).

Someone like Petitioner, who was assessed as having a low risk for recidivism,[3] can earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities if his risk of recidivism has not increased over two consecutive assessments. 18 U.S.C. § 3632(d)(4)(A)(ii). Time credits earned under the First Step Act must be applied toward time in prerelease custody or supervised release. 18 U.S.C. § 3632(d)(4)(C).

### b. Application of the Act

Petitioner contends that he has accumulated hundreds of days of earned time credits under the First Step Act and that he should have been released on March 26, 2020. ECF No. 1, PageID.39-40. The risk and needs assessment system, however, is being implemented in phases, *see* 18 U.S.C. § 3621 (h)(1)-(h)(4), and the deadline for the Bureau of Prisons to complete the phase-in period is January 15, 2022. *Holt v. Warden*, __ F. Supp. 3d __, __, 2021 WL 1925503, at *6 (S.D. May 13, 2021).

"The majority of courts to interpret the statutory framework have . . . agreed that the [Bureau of Prisons] is not required to apply earned

---

[3] *See* ECF No. 6-2, PageID.117, ¶ 5.

time credits prior to expiration of the 2-year phase-in period on January 15, 2022." *Hills v. Carr*, No. 4:21-CV-737-P, 2021 WL 4399771, at *4 (N.D. Tex. Sept. 27, 2021) (unpublished) (collecting cases). Thus, under the majority position, the Bureau of Prisons is not required to apply credits to a prisoner's time in prerelease custody or supervised release before January 15, 2022. *Holt*, 2021 WL 1925503, at *6.

Even if the Bureau of Prisons were required to apply earned time credits before January 15, 2022, a case manager employed by the Bureau of Prisons determined that, as of July 27, 2021, Petitioner had not completed *any* evidence-based recidivism reduction programs or productive activities in his areas of need. Therefore, he had no earned time credits as of that date. ECF No. 6-2, PageID.119, ¶ 10. Petitioner has not refuted this assertion, nor supported his contrary allegations with any facts.

## CONCLUSION

Petitioner may not bring his first two claims in a habeas corpus petition under 28 U.S.C. § 2241, and his third claim under the First Step Act lacks merit. Because Petitioner is not "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3), his petition for a writ of habeas corpus is **DENIED**.[4]

**SO ORDERED** this 22nd day of December, 2021.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

_____

[4] The Court notes that Mr. Allegra has also submitted letters to the Court dated November 15 and November 25, 2021 that have been filed on the docket. While the Court has read these letters and acknowledges both their sincerity and serious nature of the challenges they describe, the Court is constrained to apply the law in deciding the merits of the claims presented. Though these claims cannot be granted, it appears from the record that Mr. Allegra's release date is imminent, and the Court hopes he will succeed in reuniting with his family and returning as a productive member of society.